**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI CENTRAL DIVISION**

| | | |
|---|---|---|
| ERNEST A. SWINSON,<br><br>Plaintiff,<br><br>v.<br><br>GATEWAY ALUMINUM/PENNY PLATE, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-04169-WJE |

**ORDER**

Pending before the Court is Plaintiff Ernest A. Swinson's, *pro se*, Motion for Entry of Default and for Default Judgment.[1] (Doc. 12). Defendant Gateway Aluminum/Penny Plate, LLC ("Penny Plate") filed suggestions in opposition on September 2, 2026. (Doc. 17). Mr. Swinson has not filed a reply and the time to do so has passed. The motion is now ripe for consideration. For the reasons set forth below, Plaintiff's motion for entry of default is DENIED.

## I. Background

On July 16, 2026, Mr. Swinson filed a complaint against Penny Plate. (Doc. 3). The Court issued summonses to Penny Plate on the same day. Return of service of process was filed on August 5, 2026, reflecting that the summons and complaint had been delivered to Bryan Cave Leighton Paisner, LLP, on August 3, 2026. (Doc. 6). Mr. Swinson filed an amended complaint on August 17, 2026. (Doc. 7). On September 2, 2026, counsel for Penny Plate entered an appearance and filed a motion for an extension of time to answer the Amended Complaint. (Doc. 18). The Court granted that motion and extended the defendant's deadline to answer to October 14, 2026. (Doc. 23). To

[1] With the consent of the parties, this case was assigned to the Chief United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

date, Penny Plate has not yet answered or otherwise responded to the original or amended complaints.

On August 25, 2026, Mr. Swinson filed a motion for entry of default and for default judgment. (Doc. 12). On September 2, 2026, Penny Plate filed suggestions in opposition to the motion, arguing that service was not perfected until August 14, 2026. (Doc. 17).

## II. Discussion

Mr. Swinson argues that default should be entered against Penny Plate because Penny Plate was required to answer or otherwise respond to the original complaint within 21 days of service and it failed to do so. (Doc. 12 at 2). Mr. Swinson alleges that Penny Plate was properly served on August 3, 2026, and its answer or response was due on August 24, 2026. (*Id.*). Penny Plate argues that entry of default is improper because the service on August 3, 2026, was defective, as it was not conducted on a registered agent, officer, or other person authorized to accept service of process on behalf of Penny Plate. (Doc. 17 at 4). Further, Penny Plate argues that service was perfected by its return of an executed waiver of service on August 14, 2026, and its original answer deadline is therefore September 14, 2026. (*Id.* at 3). The Court finds that entry of default and default judgment is not appropriate.

### A. Legal Standard

Federal Rule of Procedure 55 sets forth a two-step process for the entry of default judgment. *See* Fed. R. Civ. P. 55. The first step in the process is for a request by a party, supported by affidavit or otherwise, for the entry of default by the clerk. *See* Fed. R. Civ. P. 55(a). The next step is entry of default judgment. *See* Fed. R. Civ. P. 55(b)(2); *see also Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998) (finding an entry of default must precede a grant of default judgment). For an entry of default, Western District of Missouri's Local Rule 55.1(a)(1) requires written

notice of the intent to move for entry of default be provided to counsel, or if counsel is unknown, to the party against whom default is sought, regardless of whether counsel or the party have entered an appearance. Local Rule 55.1(a)(2) requires the moving party to provide an affidavit or declaration showing that (a) the party against whom default judgment is sought was properly served with summons and complaint in a manner authorized by Federal Rules of Civil Procedure 4, (b) that the party has failed to timely plead or otherwise defend, and (c) that proper notice of the intention to seek an entry of default, as described in Local Rule 55.1(a)(1), has been accomplished. The Clerk of Court shall enter a default upon the filing of a properly supported motion for entry of default. L.R. 55.1(a)(3).

**B. Entry of default by the clerk is not appropriate.**

The instant motion does not indicate that Mr. Swinson has complied with Local Rule 55.1. He has failed to provide a declaration or affidavit in support of the motion showing that written notice of his intent to move for entry of default was provided to counsel for Penny Plate. (*See* Doc. 12); L.R. 55.1(a)(2). Seeing as the instant motion was filed the same day that Mr. Swinson believed the answer deadline had expired, the Court finds it unlikely that he provided the defendant with written notice of his intent to move for entry of default. Mr. Swinson has also not provided a declaration or affidavit in support of the motion showing that Penny Plate was properly served with the summons and complaint in a manner authorized by Federal Rule of Civil Procedure 4. (*See* Doc. 12); L.R. 55.1(a)(2). Penny Plate argues that service was not effectuated until August 14, 2026, when it returned an executed waiver of service to Mr. Swinson. (Doc. 17 at 4). That executed waiver was filed on September 2, 2026. (Doc. 19). It reflects that the request for waiver of service was sent to Penny Plate on July 16, 2026. (*Id.*). "A defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after

the request was sent." Fed. R. Civ. P. 4(d)(3). Accordingly, Penny Plate's original answer deadline was September 14, 2026, and at the time Mr. Swinson filed the instant motion, Penny Plate still had 20 days to answer or otherwise respond. As noted, the Court has since extended Penny Plate's deadline to answer or otherwise respond until October 14, 2026. (Doc. 23). "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984); *see also Lewis v. Navient Solutions, Inc.*, No. 4:13-CV-00826-BCW, 2015 WL 10936762 (W.D. Mo. Jan. 22, 2015) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)) (noting pro se status does not excuse a litigant from compliance with Federal Rules of Civil Procedure or Local Rules). Mr. Swinson has failed to support his motion for default with the forms required by the Local Rules and Penny Plate has not missed any deadlines. Therefore, the motion is not properly supported. *See* L.R. 55.1(a)(3). Accordingly, the motion is denied.

## III. Conclusion

For the foregoing reasons, IT IS THEREFORE ORDERED that Mr. Swinson's Motion for Entry of Default and Default Judgment is DENIED. (Doc. 12).

Dated this 17th day of September, 2026, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
Chief United States Magistrate Judge